UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON DWAYNE FIELDS,<br><br>                       Plaintiff,<br><br>v.<br><br>RABBI AJHAJ, et al.,<br><br>                       Defendants. | Case No.: 16-cv-01318-MMA (DHB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE [ECF No. 27]** |

On April 19, 2017, Plaintiff filed a Request for Appointment of Counsel. (ECF No. 27.) Plaintiff, who is proceeding *pro se* and *in forma pauperis*, argues that appointment is necessary because he has made several unsuccessful attempts to access the law library, copy machine, legal paper, etc. (*Id.* at 11.) Plaintiff also argues that he is unable to properly investigate, litigate, serve papers, and file timely motions while he is in administrative segregation. (*Ibid.*)

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *Id*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

1991). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff has litigated this case for almost a year without assistance of counsel. In that time, Plaintiff has demonstrated a more than sufficient ability to articulate his claims and understand the arguments, as shown by his first set of interrogatories and memorandum in support of his current request. (*See* ECF No. 23, 27 at 8-13.) Although the legal issues in this case are not complex, Plaintiff's initial difficulty to identify the proper rabbi as a defendant made prosecuting the case somewhat more complicated. (ECF No. 23.) However, Plaintiff's filings and the docket demonstrate the rabbi confusion has been resolved, while his ability to distinguish his claims against the defendants and to apply relevant law to the facts is confirmed by his pleadings. (*Id*; *see* ECF No. 27.) Thus, Plaintiff has demonstrated the ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.

Further, Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff's claims have not yet survived a motion for summary judgment on the merits where whether Plaintiff exhausted his administrative remedies is at issue. *See Dunsmore v. San Diego Cty. Sheriff's Dept.*, No. 11cv0083 IEG (WVG), 2011 WL 5405697, at *6 (S.D. Cal. November 8, 2011) (denying motion to appoint counsel, noting that Plaintiff may not have properly exhausted his administrative grievances prior to bringing his claims and the appointment of counsel could not assist him with that procedural requirement at that stage of the proceedings); (*see also* ECF No. 30). Here, Plaintiff requests appointment of counsel simply to gain legal access which is currently denied to him while in administrative segregation. (*See* ECF No. 27 at 11-12.) Plaintiff's opposition to Defendant's motion for summary judgment is not due until May 29, 2017. (ECF No. 31.)

In Plaintiff's motion, he fails to articulate a need to extend his time to file an opposition beyond the 30 days he currently has due to his lack of legal access. To that extent, Plaintiff can file a motion to extend time demonstrating good cause why the current deadline should extended. Nonetheless, the Court finds that Plaintiff has not demonstrated the "exceptional circumstances" required for the Court to appoint counsel.

In light of Plaintiff's demonstrated ability to articulate his claims and failure to demonstrate a likelihood of success on the merits at this stage, Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: April 28, 2017

DAVID H. BARTICK
United States Magistrate Judge