# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON FIELDS,<br><br>                       Plaintiff,<br><br>v.<br><br>AJHAJ, et al.,<br><br>                      Defendants. | Case No.: 16cv1318-MMA (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 30] |

      Plaintiff Carlton Fields is a state prisoner proceeding *pro se* in this action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Defendants Din, Self, and Walker have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Doc. No. 30. Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff filed an opposition to the motion, to which Defendants replied. *See* Doc. Nos. 33, 34. In addition, the Court permitted Plaintiff to file a sur-reply. *See* Doc. No. 37. The Court took the matter under submission on the briefs and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 35. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

# BACKGROUND[1]

This action arises out of events occurring at R.J. Donovan State Correctional Facility ("Donovan") in San Diego, California. Plaintiff professes to practice Messianic Judaism, and was approved for a kosher diet while housed at Mule Creek State Prison. Upon his transfer to Donovan, Plaintiff sought approval for a kosher diet and to attend Jewish services. Rabbi Fabrice Hadjadj, an unserved defendant, denied Plaintiff's request.

On December 1, 2015, the Inmate Appeals Coordinator ("IAC") at Donovan received Plaintiff's Reasonable Accommodation Request (CDCR 1284), inmate appeal Log No. 15-3890, seeking approval of a kosher diet and permission to attend Jewish services. On December 11, 2015, the Reasonable Accommodation Panel, including Defendants Din, Self, and Walker, sent a response to Plaintiff, indicating that additional information and interviews were required. On December 23, 2015, the panel sent a final response to Plaintiff indicating that Defendant Self interviewed Plaintiff and Plaintiff was not approved for religious services and kosher meals. The response further noted that Plaintiff had been placed on an approval list to be submitted to the rabbi. The panel's response advised Plaintiff that if he disagreed with the decision, to appeal and attach supporting documentation.

On April 21, 2016, the IAC received Plaintiff's second CDCR 1284, inmate appeal Log No. 16-1554, seeking approval of a kosher diet and permission to attend Jewish services. On May 17, 2016, the panel, including Defendants Din, Self, and Walker, sent Plaintiff an interim response indicating that the panel required further information before

---

[1] These material facts are taken from Defendant's Separate Statement of Undisputed Facts; Plaintiff's factual allegations, as set forth in his opposition brief; and pertinent cited declarations and exhibits. Because Plaintiff's opposition brief contains factual allegations related to the exhaustion of his claims, which are based on his personal knowledge and verified under penalty of perjury, it "may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 & n.1 (9th Cir. 1987)).

it could render a final decision on Plaintiff's request. Subsequently, the panel, including Defendants Din and Walker, sent a final response to Plaintiff denying his request. The panel informed Plaintiff that the rabbi had denied Plaintiff's request for a kosher diet and participation in Jewish services, based on his determination that Plaintiff was not sincere in his request for a kosher diet and unable to participate in religious services due to his housing in administrative segregation. The panel once again advised Plaintiff to appeal the decision if he was dissatisfied with the outcome.

### **LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), inmates seeking relief from prison conditions must exhaust available administrative remedies prior to bringing any suit challenging prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("exhaustion is mandatory . . . unexhausted claims cannot be brought in court"). "[T]he prison's requirements . . . define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he exhaustion question in PLRA cases should be decided as early as feasible." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

In the Ninth Circuit, a motion for summary judgment is generally the appropriate vehicle for raising the plaintiff's failure to exhaust administrative remedies because "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1170 ("[A] motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion, [is the proper procedural device] to decide exhaustion"). The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *See Albino*, 747 F.3d at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id*.

The Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). The Court determines only whether there is a genuine issue for trial and, in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010).

## DISCUSSION

### 1. Administrative Exhaustion

The California Department of Corrections and Rehabilitation (CDCR) provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). An inmate "receiving an unsatisfactory departmental response to an appeal" must submit his appeal to the next level of review within thirty calendar days. Cal. Code Regs. tit. 15 § 3084.8(b)(3). On January 28, 2011, the inmate appeals process was modified and limited to three levels of review with provisions allowing the first level to be bypassed under specific circumstances. *Id*. § 3084.7. If a prisoner is not satisfied with the response he receives at the first level of review, he may submit his appeal to the second level of review, after which he may appeal to the third and final level. *Id*. § 3084.7. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).

### 2. Analysis

Defendants present evidence that Plaintiff did not exhaust his administrative remedies with respect to the claims he brings in this action. Defendants submit the declaration testimony of R. Olivarria, the current Appeals Coordinator at Donovan, and M. Voong, Chief of the Office of Appeals. According to Olivarria, the appeals office at Donovan received Plaintiff's two CDCR 1284 requests, as detailed above. Olivarria states that the office also received inmate appeal Log No. 16-2771, in which Plaintiff

4

sought to appeal the CDCR 1284 decision denying his request for a kosher diet. On June 21, 2016, this appeal was screened out and rejected because Plaintiff bypassed a required lower level of review and failed to attach necessary supporting documentation. Olivarria states that Plaintiff never resubmitted the appeal. According to Voong, the Office of Appeals has received and screened out three inmate appeals from Plaintiff, but has not received or accepted any third level appeals from Plaintiff pertaining to the issues in this case.

Plaintiff alleges in his First Amended Complaint that he "filed an ADA 1824 form, 602s to Sacramento, because I was in Adseg not competent and defendants destroyed my 602s and failed to respond." Doc. No. 7 at 6. However, Plaintiff's complaint is unverified, and Plaintiff does not provide any evidence in opposition to Defendants' motion to further suggest that prison officials rendered the grievance procedure unavailable. Rather, Plaintiff asserts that he was not required to further exhaust his remedies because his first CDCR 1824 was partially granted by the panel. Plaintiff argues that the result in this case is controlled by *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005), in which the Ninth Circuit held that an inmate whose appeal had been partially granted at the second level of review had exhausted his administrative remedies where the defendant failed to show any additional relief was available through the appeals process. *Id*. at 937-39. Because the defendant did not present evidence indicating that a further appeal might have "netted" additional relief, he failed to demonstrate that further relief remained available. *Id*. at 939. Plaintiff points to the fact that his first CDCR 1284 was "approved with modification," based on his placement on the approval list for the rabbi's review. As such, Plaintiff asserts that his case is "textbook to Brown v. Valoff" and he was not required to further exhaust his administrative remedies. *See* Doc. No. 37 at 2.[2]

---

[2] Citations refer to pagination assigned by the CM/ECF system.

On a motion for summary judgment for non-exhaustion, a defendant has to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (emphasis added). This is because a prisoner need not "press on to exhaust further levels of review once he has received all 'available' remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available." *Brown*, 422 F.3d at 936. Relevant evidence includes "statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case, such as in the response memoranda in these cases. With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs [a] determination of whether relief was, as a practical matter, 'available.'" *Id*. at 937.

Here, the evidence demonstrates that further relief was available to Plaintiff subsequent to the panel's decision regarding his first CDCR 1824, and that he was informed by the panel that he could appeal their decision. The panel's final response to Plaintiff's request stated: "You were interviewed by CCII Self and **you were not approved** for religious services and Kosher meals. Last week you were placed on the approval list." Olivarria Decl., Ex. B (emphasis added). Directly beneath that response, the panel advised Plaintiff: "If you disagree with this decision and want to file an appeal, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents." *Id*.

Despite its presentation as an approval "with modification," the panel's response did not provide Plaintiff with the relief he sought. To the contrary, the panel denied Plaintiff's request for a kosher diet and participation in Jewish services. Plaintiff did not avail himself of the next level of administrative review, despite the panel's denial of

6

16cv1318-MMA (DHB)

relief. Plaintiff himself presents evidence that the regulations require prisoners to appeal if they seek additional relief through the reasonable accommodation process:

> If you do not agree with the first level response, you can file the appeal to the second level by attaching the 1824 form to a regular 602 appeal form, filling out Part D of the 602, and sending both forms to the Appeals Coordinator. You should do this within 15 working days after you get the first level answer.

Doc. No. 33 at 13. Even drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that he failed to exhaust all of his remedies before filing suit, because he had administrative remedies still available to him, and he did not complete the appeals process with respect to his request for a kosher diet and permission to participate in Jewish services.

In sum, the Court finds that Defendants have met their burden of proving that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit. Accordingly, summary judgment is appropriate.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion for summary judgment and **DISMISSES** Plaintiff's claims against Defendants Din, Self, and Walker without prejudice. This Order disposes of all claims against all served defendants. Accordingly, the Clerk of Court is instructed to enter judgment and close the case.

**IT IS SO ORDERED**.

DATE: August 16, 2017

HON. MICHAEL M. ANELLO
United States District Judge

7
16cv1318-MMA (DHB)